NEW JERSEY DEPARTMENT OF LABOR.

WORKMEN'S COMPENSATION BUREAU.

WONZA CARTER, petitioner,

*v.*

SWIFT & COMPANY, respondent.

**Death—Compensation—Counsel Fees.**

On determination and rule for judgment.

The above matter coming on for a hearing, and having been submitted to be for decision, I hereby find and determine as follows:

1. That this is a proceeding brought under an act entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation and regulating precedure for the determination of liability and compensation thereunder," approved April 4th, 1911, and the acts amendatory thereof and supplemental thereto. That a petition was filed by the petitioner and served on the respondent. That an answer was filed by the respondent and the cause set down for a hearing on the 20th day of March, 1924, when said matter was heard before the Honorable Harry J. Goas, deputy commissioner of the workmen's compensation bureau of the State of New Jersey, at No. 9 Franklin street, in the city of Newark, county of Essex and State of New Jersey.

The petitioner being represented by William L. Greenbaum, counselor-at-law, and the respondent by Lewis A. Ackley, counselor-at-law, on which day petitioner produced witnesses who were examined in the presence of said counsel, and on which day counsel stipulated on the record that certain interrogatories be propounded to Willitm A. Rebhan, a witness on behalf of the respondent.

That the said hearing was adjourned from time to time

until September 3d, 1924, when the respondent produced the answers to the interrogatories propounded to the said William A. Rebhan, as well as testimony of another witness.

2. I find, as a fact, that Sylvester Carter was employed by the respondent and met with an accident on July 30th, 1923, which accident arose out of and in the course of his employment.

3. That the respondent had immediate notice of the accident.

4. That the said Sylvester Carter's weekly wages averaged $30.41 per week.

5. As a result of the injuries sustained in the aforesaid accident, the said Sylvester Carter died on August 2d, 1923.

6. That the said Sylvester Carter left him surviving, among others, Okereadus Carter, fourteen (14) years of age, who is an imbecile, being mentally deficient, and for such reason was totally dependent upon the income of the said Sylvester Carter.

7. That the petitioner is entitled to recover the cost of burial of the deceased, in the sum of $150.

8. That the petitioner is entitled to thirty-five per cent. of the weekly wages of the deceased, Sylvester Carter, for a period of three hundred (300) weeks.

9. That counsel for the petitioner is to receive the sum of three hundred ($300) dollars as counsel fee, two hundred ($200) dollars to be paid by the respondent and one hundred ($100) dollars by the petitioner.

It is therefore, on this 18th day of September, 1924, ordered that judgment be entered in favor of the petitioner and against the respondent, and that the respondent make payments to the petitioner as follows:

The sum of $10.64 per week for a period of three hundred (300) weeks, starting July 30th, 1923.

The sum of $150 covering burial expense, and $200 covering counsel fee, to be paid forthwith by the respondent, and the remaining $100 payable by the petitioner.

HARRY J. GOAS,
*Deputy Commissioner, Workmen's Compensation Bureau, State of New Jersey.*